# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>    Defendant. | Case No. 1:17-cv-2047 JEB |

## ANSWER

Defendant the United States Department of Homeland Security ("DHS"), by its undersigned counsel, hereby answers plaintiff's complaint as follows, in correspondingly numbered paragraphs:

1.   This paragraph sets forth plaintiff's characterization of this action, to which no response is required.

2.   This paragraph sets forth plaintiff's characterization and summary of this action, to which no response is required.

3.   This paragraph sets forth plaintiff's conclusions of law regarding jurisdiction, to which no response is required.

4.   This paragraph sets forth plaintiff's conclusions of law regarding venue, to which no response is required.

5.   Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6.   Admitted.

7. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, these allegations purport to summarize or characterize a United States Intelligence Community ("IC") report. Defendant respectfully refers the Court to the cited report for a full and accurate statement of its contents.

8. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, with respect to the first sentence of the paragraph, defendant respectfully refers the Court to the cited mission statement for a full and accurate statement of its contents and denies the rest of the sentence. The rest of the paragraph purports to summarize or characterize a report prepared jointly by DHS and the FBI. Defendant respectfully refers the Court to the cited report for a full and accurate statement of its contents.

9. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, defendant respectfully refers the Court to the cited statements by former DHS Secretary Jeh Johnson for a full and accurate statement of their contents.

10. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.

11. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, these allegations purport to summarize or characterize various media reports. Defendant respectfully refers the Court to the cited reports for a full and accurate statement of their contents.

12. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, these allegations purport to summarize or characterize the Congressional testimony of a DHS official. Defendant respectfully refers the Court to the cited testimony for a full and accurate statement of its contents.

13. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, these allegations purport to summarize or characterize statements by members of Congress. Defendant respectfully refers the Court to the cited statements for a full and accurate statement of their contents.

14. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, defendant respectfully refers the Court to the cited statements by former DHS Secretary Jeh Johnson for a full and accurate statement of their contents.

15. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, these allegations purport to summarize or characterize a House Resolution. Defendant respectfully refers the Court to the resolution for a full and accurate statement of its contents.

16. Defendant admits that plaintiff submitted a Freedom of Information Act ("FOIA") request to the DHS Privacy Office on March 31, 2017, and respectfully refers the Court to the FOIA request for a full and accurate statement of its contents.

17. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, these

allegations purport to summarize or characterize a statement issued by Acting Secretary of Homeland Security Elaine Duke.  Defendants respectfully refer the Court to the statement for a full and accurate statement of its contents.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

19. Admitted.

20. Admitted.  Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents.

21. Admitted.  Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents.

22. Admitted.  Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents.

23. Admitted.  Defendant respectfully refers the Court to the cited email for a full and accurate statement of its contents.

24. Defendant admits that the FOIA request at issue in this case was referred to the DHS National protection and Programs Directorate on April 6, 2017.  The remaining allegations in this paragraph are denied.

25. This paragraph sets forth plaintiff's conclusions of law, to which no response is required.

26. This paragraph sets forth plaintiff's conclusions of law, to which no response is required.

27. This paragraph sets forth plaintiff's conclusions of law, to which no response is required.

28. Defendant incorporates by reference its answers to all of the preceding paragraphs.

29. This paragraph sets forth plaintiff's conclusions of law, to which no response is required.

30. This paragraph sets forth plaintiff's conclusions of law, to which no response is required.

31. Defendant incorporates by reference its answers to all of the preceding paragraphs.

32. This paragraph sets forth plaintiff's conclusions of law, to which no response is required.

33. This paragraph sets forth plaintiff's conclusions of law, to which no response is required.

34. Defendant incorporates by reference its answers to all of the preceding paragraphs.

35. This paragraph sets forth plaintiff's conclusions of law, to which no response is required.

36. This paragraph sets forth plaintiff's conclusions of law, to which no response is required.

37. This paragraph sets forth plaintiff's conclusions of law, to which no response is required.

## **Requested Relief**

This section of the Complaint, including subsections (A) through (G), sets forth plaintiff's requested relief, to which no response is required.  To the extent a response is required, defendant denies that plaintiff is entitled to the requested relief or to any relief whatsoever.  Defendant hereby denies any allegations not expressly admitted or denied in the paragraphs above.

**AFFIRMATIVE DEFENSES**

1. Defendant has exercised due diligence in processing plaintiff's FOIA request and exceptional circumstances exist that necessitate additional time for defendant to complete the processing of plaintiff's FOIA request.  *See* 5 U.S.C. § 552(a)(6)(c).

2. Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions of the FOIA, 5 U.S.C. § 552.

3. Plaintiff has failed to exhaust its administrative remedies.

Dated:  November 13, 2017Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

JESSIE K. LIU
United States Attorney

MARCIA BERMAN
Assistant Branch Director

*/s/ Lynn Y. Lee*
LYNN Y. LEE (CA Bar #235531)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C.  20530
Telephone: (202) 305-0531
Fax: (202) 616-8470
E-mail: lynn.lee@usdoj.gov

*Counsel for Defendants*